**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BETTY K. ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>TRACY T. HORBATT, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF CLYDE WILLIAMS, *et al.*,<br><br>Defendants. | Civil Action No. 25-10968 (MAS) (JTQ)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon the Report and Recommendation (the "R&R") entered on March 30, 2026, by Magistrate Judge Justin T. Quinn ("Judge Quinn") (R&R, ECF No. 25), recommending that this Court deny without prejudice Defendants Tracy T. Horbatt, individually and as Executrix of the Estate of Clyde Williams, and Bonnie M. Wright, Esq., individually and as attorney for the Estate's (collectively, "Defendants") Cross-Motion for Attorney's Fees pursuant to Federal Rule of Civil Procedure[1] 11 ("Cross-Motion") (Defs.' Cross-Mot., ECF No. 20).

The parties were advised that they had fourteen days to file and serve objections to the R&R. (R&R 8 (first citing Fed. R. Civ. P. 72; and then citing L. Civ. R. 72.1).) No objections were filed within the allotted time period or to date. "Where no objection has been made to a report and recommendation within [fourteen] days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

recommendation." *Ballister v. Union Cnty. Dep't of Corr.*, No. 17-573, 2025 WL 1823118, at *1 (D.N.J. July 2, 2025) (first citing Fed. R. Civ. P. 72(b), advisory committee notes; and then citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

In analyzing Defendants' Cross-Motion, Judge Quinn first noted that the parties' briefing "[wa]s thin" and "consist[ed] almost entirely of conclusory statements." (R&R 3.) Judge Quinn found, and the Court agrees, that sanctions are not warranted here because: (1) Defendants primarily relied on arguments made in briefs prepared in connection with earlier motions without fleshing those arguments out or formally incorporating them; (2) Defendants did not cite any decision where a court has sanctioned a *pro se* litigant under Rule 11; (3) Defendants focus their Cross-Motion on a supposed change between Plaintiff's state and federal court submissions but fail to explain how such a change supports a sanction award; (4) Defendants' alternative argument that Plaintiff should be sanctioned because the arguments Plaintiff advances in this Court were "never made" in state court is not fully developed or supported; (5) Plaintiff is proceeding *pro se* and lacks "familiarity with the various court systems and their differences"; and (6) Plaintiff's filings in this action do not constitute an abuse of the judicial system or a misuse of the Court's process. (*Id.* at 4-8.) The Court agrees with Judge Quinn's analysis of the facts, the law, and the parties' briefing and finds that sanctions are not warranted here against Plaintiff, who is proceeding *pro se*. Defendants' arguments are sparse, not fleshed out, and contain almost no citation to legal authority. (*See generally* Defs.' Moving Br., ECF No. 20-2.)

The Court has further independently reviewed the record, as well as Judge Quinn's well-reasoned R&R, and for the reasons discussed above, finds no clear error on the face of the record. Accordingly,

**IT IS**, on this 31st day of August 2026, **ORDERED** as follows:

1. The R&R of Judge Quinn (ECF No. 25) is **ADOPTED**.

2. Defendants' Cross-Motion for Attorney's Fees (ECF No. 20) is **DENIED WITHOUT PREJUDICE**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE