**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BETTY K. ANDREWS,

Plaintiff,

v.

TRACY T. HORBATT, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF CLYDE WILLIAMS, *et al.*,

Defendants.

Civil Action No. 25-10968 (MAS) (JTQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Tracy T. Horbatt, individually and as Executrix of the Estate of Clyde Williams ("Horbatt"), and Bonnie M. Wright, Esq., individually and as attorney for the Estate's ("Wright," and collectively with Horbatt, "Defendants") Motion to Dismiss (ECF No. 26) Plaintiff Betty K. Andrews's ("Plaintiff") Amended Complaint (ECF No. 16-1).[1] Plaintiff opposed (ECF No. 27), and Defendants replied (ECF No. 28). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendants' Motion to Dismiss.

[1] The Amended Complaint names only Horbatt as a Defendant. (Am. Compl. Caption.)

# I. BACKGROUND[2]

## A. Factual Background

Clyde Williams ("Williams") owned a property located at 24 Tower Road, Cream Ridge, New Jersey (the "Property"). (Am. Compl. 2, ECF No. 16-1.) Williams devised the Property by will to his "daughter, [Horbatt], IN TRUST, subject to a life estate for [his] daughter [Plaintiff]." (*Id.*) Plaintiff filed a police report on November 29, 2024, "documenting [her] unlawful exclusion from the Property in violation of court orders." (*Id.* at 3.) "Beginning February[] 2024 [Horbatt] engaged in a systematic pattern of conduct designed to conceal and deny Plaintiff's vested property rights by requesting a buy out for her and Debra L. Williams['] remainder interests." (*Id.*) Horbatt "concealed Plaintiff's property interests through failure to notify [the] court of Plaintiff's life estate status when the [w]ill was probated because she believed the life estate was terminated in 2011." (*Id.*) The Trustee Certificate issued to Plaintiff on April 4, 2024, accordingly, "did not reflect [Plaintiff's] life estate interest." (*Id.*) "This concealment occurred across multiple court proceedings, demonstrating a deliberate pattern designed to deny Plaintiff's constitutional protections." (*Id.*) "On August 4, 2025, the [New Jersey] state court issued a ruling . . . that acknowledged Plaintiff's life estate, trustee certificate, and remainder interest, confirming that these rights had been systematically concealed throughout the probate proceedings." (*Id.* at 3-4.) Horbatt's conduct concealed Plaintiff's property rights throughout the proceedings. (*Id.* at 4.)

Plaintiff alleges that Horbatt "acted under color of state law through her appointment as Executrix to deny Plaintiff's life estate rights and ownership claims." (*Id.*) Plaintiff further alleges

---

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

that her "due process rights were denied when [Horbatt had] . . . Plaintiff's vehicle" towed from the Property in late April or early May 2024. (*Id.*)

### B. Procedural Background

Plaintiff, proceeding *pro se*, initially filed a Complaint in this matter on June 13, 2025. (Compl., ECF No. 1.) Thereafter, Plaintiff filed a Motion for a Preliminary Injunction. (Mot. for Prelim. Inj., ECF No. 5.) Plaintiff filed a Motion for Leave to Amend and attached the proposed Amended Complaint (Mot. for Leave to Amend, ECF No. 16; Am. Compl.), which the Court granted on March 30, 2026 (Letter Or., ECF No. 24).[3] The Amended Complaint alleges four causes of action pursuant to 42 U.S.C. § 1983: (1) a procedural due process violation ("Count One"); (2) a substantive due process violation ("Count Two"); (3) an equal protection violation ("Count Three"); and (4) a taking without just compensation claim ("Count Four"). (Am. Compl. 5-7.)

Defendants thereafter filed the instant Motion to Dismiss. (Defs.' Mot. to Dismiss, ECF No. 26.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 27), and Defendants replied (Defs.' Reply Br., ECF No. 28).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure[4] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[3] The Court notes that the Amended Complaint, while attached to the Motion for Leave to Amend, was never filed. Given Plaintiff's *pro se* status, however, the Court will direct the Clerk to file the Amended Complaint and considers the Amended Complaint to be the operative complaint for the purposes of this decision.

[4] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. <u>DISCUSSION</u>

Defendants make two arguments[5] in support of dismissing Plaintiff's Amended Complaint: (1) Plaintiff has not alleged facts sufficient to establish state action; and (2) Plaintiff has not alleged facts sufficient to establish a violation of a right secured by the Constitution. (Defs.' Moving Br. 6-13, ECF No. 26-1.)

---

[5] Defendants make additional arguments as to the counts in Plaintiff's original Complaint (Defs.' Moving Br. 14-15), but as discussed above, the Court considers Plaintiff's Amended Complaint as the operative pleading. Additionally, because only Horbatt is named as a Defendant in the Amended Complaint, the Court only addresses Defendants' arguments as to Horbatt.

"Section 1983 provides private citizens with a means to redress violations of federal law committed by *state individuals*." *Woodyard v. County of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (emphasis added). Private actors, however, cannot be held liable under Section 1983. *See Baucum v. Rutgers Univ.*, No. 23-20707, 2025 WL 3754177, at *4 (D.N.J. Dec. 29, 2025). Horbatt is a private party (*see* Am. Compl. 2), and is therefore not subject to suit under Section 1983. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (stating that a defendant who was a private citizen and not a state actor was not subject to liability under Section 1983); *Liu v. Lu*, No. 23-3819, 2024 WL 2750817, at *8 (D.N.J. May 29, 2024) (same). The fact that Horbatt is the executrix of the estate who participated in state court proceedings does not change the fact that Horbatt is a private, and not a state, actor. *See Coulter v. Coulter*, No. 22-1806, 2023 WL 3075044, at *19 (W.D. Pa. Apr. 25, 2023) ("Appointment by a court to serve as an estate administrator does not transform a private party into a state actor." (citation modified)), *aff'd*, No. 23-2222, 2024 WL 163081 (3d Cir. Jan. 16, 2024); *Cummings v. LaCorte*, No. 10-51, 2010 WL 2710589, at *3 (D.N.J. July 7, 2010) (explaining that a "court appointed administrator of estate is not a state actor for purposes of § 1983 complaint"); *Dyno v. Dyno*, No. 19-1966, 2024 WL 5433916, at *9 (M.D. Pa. Oct. 1, 2024) (noting that "the Third Circuit has held that the executor of a private estate who becomes embroiled in state litigation is . . . not a state actor within the meaning of § 1983"), *R. & R. adopted*, No. 19-1966, 2025 WL 637446 (M.D. Pa. Jan. 28, 2025), *aff'd*, No. 25-1338, 2026 WL 540778 (3d Cir. Feb. 26, 2026). Because Plaintiff has asserted Section 1983 claims against a non-state actor, Plaintiff has failed to state a claim against Horbatt, a private individual.

The Court, accordingly, grants Defendants' Motion to Dismiss.

## IV. CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss is granted. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 31, 2026